## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEW MEXICO

KEITH CHAVEZ,

        Plaintiff,

v.                                           No. Civ. 11-651 LH/SMV

BOARD OF COUNTY COMMISSIONERS
OF BERNALILLO COUNTY, NEW MEXICO;
SANFORD "SANDY" FISH, Director of Planning,
in His Individual and Official Capacities; Sheriff of
Bernalillo County, SERGEANT P. CHARLTON;
DETECTIVE J. M. GUIILMETTE and LIEUTENANT
K. BLEFFERT, employees of the Bernalillo County
Sheriff's Department, in Their Individual and Official
Capacities; TERI CHAVEZ, in Her Individual Capacity
and as Employee of Vaughn Realty; VAUGHN REALTY;
ROBERT RAYNOR, in His Individual Capacity and as an
Agent of R2 Architectural Design & Consulting, a business
organized and doing business under the laws of the State of
New Mexico,

        Defendants.

## MEMORANDUM OPINION AND ORDER

On November 18, 2011, Defendants Board of County Commissioners of Bernalillo County,

New Mexico, Sanford "Sandy" Fish, Sergeant P. Charlton, and Detective J. M. Guilmette ("the

County Defendants") filed a Motion to Dismiss (Doc. 9), seeking the dismissal of Counts II and III

of the Complaint.  The Court, having considered the motion, response, pleadings, and applicable

law, concludes that the motion to dismiss should be granted in part and denied in part.  To the extent

Count III could be construed as asserting a tortious interference with contractual rights claim against

the County Defendants, the Court will grant the County Defendants' request to dismiss Count III

against them with prejudice; but in all other respects, the motion to dismiss will be denied.  Plaintiff

will be granted leave to amend his complaint to assert a 42 U.S.C. § 1983 malicious prosecution claim in Count II.

I.    **FACTUAL BACKGROUND**[1]

On May 10, 2004, Plaintiff Keith Chavez was hired by Bernalillo County as an Environmental Engineering Technician and, prior to the events arising from this case, had a good record as an employee with no disciplinary complaints. (Compl. ¶¶ 11, 13-14.) At some point during the course of his employment, Plaintiff had stalled the progress of a subdivision project over which Defendant Teri Chavez, a licensed real estate agent employed by Vaughn Realty, had an interest in selling front lots for commission. (*See id.* ¶¶ 8, 19.) Defendants Teri Chavez and Robert Raynor, an agent of R2 Architectual Design & Consulting, sought to remove Plaintiff so that the project could go forward, so they agreed to suggest and pursue the idea that Plaintiff was taking and soliciting bribes. (*See id.*, Caption and ¶ 19) Defendants Chavez and Raynor conspired together and approached Defendant Sanford "Sandy" Fish, a Director of Planning, and Deputy Sergeant P. Charlton, a deputy sheriff with the Bernalillo County Sheriff's Department, who all joined and conspired to create a situation so that criminal charges might be brought against Plaintiff. (*See id.*, Caption and ¶¶ 6, 16-17.) Defendants Chavez, Raynor, Fish, and Charlton met with Defendant Deputy Detective J.M. Guilmette, a deputy sheriff employed by the Bernalillo County Sheriff's Department, and agreed to conduct a "sting" whereby Defendant Chavez would approach Plaintiff, offer him money, get him to take the money, and then file criminal charges against him. (*See id.* ¶¶ 4, 18, 20.) They intended the "sting" to entrap Plaintiff and cause him to lose his job and reputation in the community. (*See id.* ¶¶ 16,18.)

---

[1]The facts contained herein are those set forth in the complaint, which the Court will assume to be true for purposes of this motion.

Defendant Guilmette used unfair and unlawful procedures in investigating Plaintiff, causing

him to be arrested by the Bernalillo County Sheriff's Department on July 17, 2009, and incarcerated

for a significant period of time.  (*See id.* ¶¶ 15, 23, 25.)  Plaintiff was subsequently and wrongfully

terminated from his employment as a result of the actions of "Defendant Bernalillo County officers"

and after Defendant Bernalillo County failed to follow its procedures and guidelines.  (*See id.* ¶¶ 24,

28.)

On July 25, 2011, Plaintiff filed a "Complaint for Deprivation of Civil Rights (42 U.S.C.

§ 1983); and Malicious Abuse of Process" (Doc. 1).  In Count I, Plaintiff alleges a cause of action

for "Deprivation of Rights Contrary to 42 U.S.C. § 1983" against "Defendant Sheriffs," presumably

Detective J.M. Guilmette and Sergeant P. Charlton,[2]  and against Defendant Bernalillo County for

the wrongful deprivation of Plaintiff's rights to equal protection and due process.  (Compl. ¶ 33.)

Plaintiff also alleges in Count I that he "was wrongfully accused of a crime, wrongfully imprisoned,

and his employment was terminated as a result of the deprivation of his rights by the Defendants."

(*Id.*)

In Count II, Plaintiff asserts a "Malicious Abuse of Process" claim under the New Mexico

Tort Claims Act ("NMTCA")[3] against Defendant Guilmette "in his individual capacity ONLY."

(*Id.* ¶ 35.)  Plaintiff alleges that Defendant Guilmette lied in swearing out the Criminal Complaint

---

[2]The caption of Plaintiff's complaint lists "Sheriff of BERNALILLO COUNTY" as a defendant, without a specific name.  Paragraph 3 of the complaint then mentions "Defendant Sheriff Darren White" as the Sheriff of Bernalillo County.  No summons has issued against the Sheriff and neither party has referenced him in the ensuing litigation.  It thus appears that Plaintiff is not pursuing any claims against the Sheriff personally.  Lieutenant K. Bleffert has been dismissed without prejudice from this case based on a failure of Plaintiff to serve process on him.  (Order of Dismissal (Doc. 23).)

[3]N.M.S.A. 1978, § 41-4-1, *et seq*. (1976).

against him; filed a false affidavit in support of his filing of false criminal charges against him; and lost, destroyed, and falsified evidence in pursuit of a conviction of him. (*Id.* ¶¶ 36-38.)

Finally, Plaintiff alleges in Count III a claim for "Tortious Interference with Contractual Rights." Plaintiff asserts that "[t]he non-governmental Defendants" were aware of the existing contractual relationship of employment then-existing between Plaintiff and Defendant Bernalillo County, (*id.* ¶ 43), and that "Defendants intentionally and maliciously sought and did in fact interfere with that relationship and caused the Defendant Bernalillo to terminate the contract of employment that they had with the Plaintiff," (*id.* ¶ 44).

In lieu of filing an Answer, on November 18, 2011, the County Defendants filed a motion to dismiss, seeking dismissal of Counts II and III with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The County Defendants argue that Plaintiff has failed to allege enough facts to show that his claims in Counts II and III fall within the requisite statute of limitations as provided by the NMTCA.

On December 2, 2011, Plaintiff filed a response opposing the motion. As to Count II, Plaintiff moves to amend his complaint as a matter of right to clarify that his claim is for malicious prosecution under 42 U.S.C. § 1983, not for malicious abuse of process under the NMTCA. He argues that a cause of action for malicious prosecution does not accrue until a favorable outcome to the accused is reached, which in this case was allegedly June 7, 2011, well within the applicable statute of limitations for a malicious prosecution claim. With respect to Count III, Plaintiff argues that the accrual date "is probably July 17, 2009, the date on which Mr. Chavez was arrested." (Pl.'s Resp. (Doc. 15) at 8.) Although Plaintiff filed suit on July 25, 2011, slightly more than two years after the date of purported accrual, Plaintiff argues that, "[f]or purposes of suit against the individual actors," the three-year statute of limitations set forth in NMSA 1978, § 37-1-8 applies. (*Id.*)

4

Plaintiff thus argues that his suit is "timely brought against individual defendants in their individual capacities," and "[t]o the extent that his claims against defendants in their official capacities is time barred, Mr. Chavez agrees to the dismissal of such claims."  (*Id.*)

The County Defendants did not file a reply.  The Court, on February 1, 2012, filed a Minute Order (Doc. 19) notifying the parties that it deemed the briefing complete and the motion ready for decision.

## II.    STANDARD

Federal Rule of Civil Procedure 8 provides that a federal court complaint need contain only "short and plain" statements of (1) the ground supporting the district court's subject matter jurisdiction, (2) "the claim showing that the pleader is entitled to relief," and (3) the demand for the relief the pleader seeks.  Fed. R. Civ. P. 8(a).  Even under notice pleading, the complaint must "provide enough factual allegations for a court to infer potential victory."  *See Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).  A court may dismiss a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).

To survive a dismissal, a plaintiff must nudge his claims across the line from conceivable to plausible.  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950-51 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.  Although a court must assume the veracity of well-pleaded factual allegations, such deference is "inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule

5

12(b)(6) and granting leave to amend would be futile. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006). A party may amend its pleading once as a matter of course within 21 days after serving it, or, if the pleading is one to which a responsive pleading is required, within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* The decision to grant leave is within the court's discretion. *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994). A court may deny leave to amend if granting the amendment would be futile. *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

## III.   ANALYSIS

In New Mexico, generally "[a]ctions must be brought . . . for an injury to the person or reputation of any person, within three years." N.M.S.A. 1978, § 37-1-8. The applicable statute of limitations for § 1983 claims in New Mexico is three years, the general limitations period set forth in N.M.S.A. § 37-1-8 for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985) ("In view of our holding that § 1983 claims are best characterized as personal injury actions, the Court of Appeals correctly applied the 3-year statute of limitations governing actions 'for an injury to the person or reputation of any person.'") (citing N.M.S.A. 1978, § 37-1-8)), *superseded by statute on other grounds by* 22 U.S.C. § 1658; *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008).

The NMTCA provides the exclusive remedy for a state tort law action against a governmental entity or public employee. *See* NMSA 1978, § 41-4-17. A "public employee" is

defined as "an officer, employee or servant of a governmental entity." N.M.S.A. 1978, § 41-4-3(F) (2009). The NMTCA provides: "Actions against a governmental entity or a public employee for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence resulting in loss, injury or death . . . ." *Id.* § 41-4-15(A).

A.    **COUNT II**: **MALICIOUS PROSECUTION**

Plaintiff seeks to amend his complaint to change his state law malicious abuse of process claim brought under the NMTCA, which is subject to the two-year statute of limitations, to a federal § 1983 malicious prosecution claim, which is subject to the three-year statute of limitations. "Because the statute of limitations does not start running before the elements of a claim are satisfied, the statute of limitations for [a malicious prosecution] due process claim cannot start until the plaintiff has achieved a favorable result in the original action." *Mondragon*, 519 F.3d at 1083.

In this case, Plaintiff alleges, and it appears undisputed, that the underlying criminal case terminated in his favor on or about June 7, 2011, when an Order of Dismissal with Prejudice, Order Declaring Mistrial Nunc Pro Tunc, and Order of Acquittal were all filed. Plaintiff filed this suit on July 25, 2011, well within the applicable three-year statute of limitations period. Leave to amend to replace the malicious abuse of process claim with a § 1983 malicious prosecution claim will therefore not be futile based on the statute of limitations defense.

Plaintiff filed his motion for leave to amend within 21 days of the filing of the County Defendants' motion to dismiss, and thus, leave to amend is a matter of right. The Court will grant Plaintiff's request to amend the complaint under both Rule 15(a)(1) and 15(a)(2). Plaintiff, however, did not attach a proposed amended complaint. Plaintiff must file the proposed amended complaint, containing the necessary elements to support a § 1983 malicious prosecution claim as asserted in his response, within 10 days of the entry of this Memorandum Opinion and Order.

7

**B.      COUNT III: TORTIOUS INTERFERENCE WITH CONTRACTUAL RIGHTS**

It is unclear from a plain reading of Count III whether Plaintiff is asserting a cause of action against all Defendants or only the "non-governmental Defendants." Plaintiff, in his response, argues that the three-year statute of limitations for non-public employees applies and the claim "is therefore timely brought against individual defendants in their individual capacities." (Pl.'s Resp. (Doc. 15) at 8.) Plaintiff then asserts that, "[t]o the extent that his claims against defendants in their official capacities is time barred, Mr. Chavez agrees to the dismissal of such claims." (*Id.*)

The parties are in agreement that the tortious interference with contractual rights claim accrued when Plaintiff was arrested on July 17, 2009. Because Plaintiff did not file his suit until July 25, 2011, over two years later, his claim in Count III against the Defendants who are public employees is time-barred by the two-year statute of limitations in the NMTCA, a point Plaintiff appears to have conceded. The Court will therefore dismiss Count III with prejudice as to the Defendants who, based on Plaintiff's own allegations, are public employees or governmental entities: Defendants Board of County Commissioners of Bernalillo County, Sanford "Sandy" Fish, Sergeant P. Charlton, and Detective J. M. Guilmette. Count III will remain as to the non-governmental, non-public employee Defendants, Teri Chavez, Vaughn Realty, and Robert Raynor.

**IT IS THEREFORE ORDERED** that

1.      The County Defendants' Motion to Dismiss (**Doc. 9**) is **GRANTED in part and DENIED in part** as follows:

        a.      To the extent Count III could be construed as asserting a tortious interference with contractual rights claim against the County Defendants, the Court will

        **GRANT** the County Defendants' request to **DISMISS WITH PREJUDICE**

        **COUNT III** against them; but

b.      In all other respects, the motion to dismiss is **DENIED**; and

2.     Plaintiff must file the proposed amended complaint, containing the necessary elements to support a § 1983 malicious prosecution claim as asserted in his response, **WITHIN 10 DAYS** of the entry of this Memorandum Opinion and Order.

_____

SENIOR UNITED STATES DISTRICT JUDGE